WO           IN THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF ARIZONA

Jack B. Keenan, M.D., an individual,       )
                                           )
                               Plaintiff,  )
                                           )
     vs.                                   )
                                           )
Maricopa County Special Health Care District, )
d.b.a. Maricopa Integrated Health System, a )
political subdivision of the State, et al., )
                                           )   No. 2:18-cv-1590-HRH
                              Defendants.  )
_____)

O R D E R

Motion to Dismiss

Defendants Elizabeth M.N. Ferguson, M.D., and Tammy R. Kopelman, M.D., move to dismiss plaintiff's claims against them.[1] This motion is opposed.[2] Oral argument was not requested and is not deemed necessary.

Background

Plaintiff is Jack B. Keenan, M.D. Defendants are the Maricopa County Special Health Care District, d/b/a Maricopa Integrated Health System (MIHS); Elizabeth M.N. Ferguson, M.D.; and Tammy R. Kopelman, M.D.

---

[1] Docket No. 14.

[2] Docket No. 20.

Plaintiff alleges that he was a resident physician in MIHS' General Surgery Training Program.[3] Plaintiff began his residency on June 8, 2016.[4]

Dr. Ferguson is alleged to have been the Program Director and the Designated Institutional Officer for MIHS' residency program.[5] Dr. Ferguson is alleged to be an employee of MIHS.[6]

Dr. Kopelman is alleged to have been the attending physician in the Trauma Department.[7] Dr. Kopelman is alleged to be an employee of MIHS.[8]

Plaintiff alleges that "between November 2016 and March 2017, Dr. Kopelman and Dr. Ferguson directly documented, or encouraged senior residents to document a series of false complaints" against him.[9] More specifically, plaintiff alleges that Dr. Kopelman falsely claimed that he did not perform an eye exam on a patient who presented to the emergency room complaining of an eye injury.[10] Plaintiff also alleges that shortly thereafter, "Dr. Kopelman falsely documented in [his] personnel file that he had ignored an emergency

---

[3]Complaint at 5, ¶ 20, Docket No. 1.

[4]Id. at 5, ¶ 21.

[5]Id. at 5, ¶ 22.

[6]Id. at 4, ¶ 15.

[7]Id. at 5, ¶ 23.

[8]Id. at 4, ¶ 16.

[9]Id. at 5, ¶ 26.

[10]Id. at 6, ¶¶ 27-32.

department patient who was pulseless in an extremity for a medically significant period of time."[11]

Plaintiff alleges that on February 2, 2017, Dr. Ferguson informed him that Dr. Kopelman was giving him a failing grade for his November 2016 Trauma rotation.[12] Plaintiff alleges that Dr. Ferguson placed him on "Concern Status" that same day.[13]

Plaintiff alleges that Dr. Kopelman also gave him a failing grade for a second Trauma rotation that he completed in early February 2017.[14]

Plaintiff alleges that on March 31, 2017, Dr. Ferguson falsely accused him of "threatening to engage in a physical altercation with another resident in the ICU. . . ."[15]

Plaintiff alleges that he was placed on probation on April 10, 2017.[16] Dr. Ferguson is alleged to have signed the April 10 probation letter.[17] Plaintiff alleges that he was told in the letter that he was being placed on probation for four reasons:

- Threat of physical altercation to colleague at bedside of SICU on 3/31.

---

[11] Id. at 6, ¶ 33.

[12] Id. at 7, ¶ 43.

[13] Id. at 11, ¶ 72.

[14] Id. at 8, ¶ 49.

[15] Id. at 9, ¶ 54.

[16] Id. at 12 ¶ 81.

[17] Id. at 13, ¶ 82.

- Worked Friday day, 4/7/17 despite the call schedule clearly stating night call. When chief resident noted discrepancy, Dr. Keenan was sent home & unable to return to shift until 11PM.
- No call/no show today (4/10/17).
- Failure to return loaner pager and respond to multiple inquiries by switchboard.[18]

Plaintiff further alleges that on April 17, 2017, Dr. Ferguson informed him that he had received a failing grade for his general surgery rotation, which he had recently completed.[19] Plaintiff alleges that Dr. Ferguson "pressured the attending who had supervised the general surgery rotation to change" his grade from a pass to a fail.[20]

Plaintiff alleges that he "timely contested the accuracy and sufficiency of the allegations in the April 10, notice of probation."[21] Plaintiff alleges that a hearing on the probation notice was held on May 18, 2017.[22] Plaintiff alleges that Dr. Ferguson was allowed to "submit and comment on a broad range of allegations" including the failed general surgery rotation,[23] an event that occurred after he had received the probation notice.

Plaintiff alleges that on May 25, 2017, he met with Dr. Chandrika Shankar, the Probation Appeals Committee Chair, and Phyllis Thackrak, the Director of Academic Affairs,

---

[18]Id. at 13, ¶ 85.

[19]Id. at 10, ¶ 66.

[20]Id. at 11, ¶ 68.

[21]Id. at 14, ¶ 92.

[22]Id. at 14, ¶ 93.

[23]Id. at 15, ¶ 104, 106.

"at which time, Dr. Shankar and Ms. Thackrak presented to [him] a written letter signed by the Appeals Committee that day advising that the Appeals Committee concluded that the decision to place him on probation was not arbitrary or taken without reasonable cause."[24] At that meeting, plaintiff advised Dr. Shankar and Ms. Thackrak that "he had recorded conversations of his attendings that unequivocally contradicted statements presented to the Appeals Committee during the" May 18, 2017 hearing.[25]

Plaintiff alleges that Dr. Ferguson "used the recordings as a basis to terminate" him.[26] Plaintiff alleges that he was notified by Dr. Eric Katz in a letter signed on May 30, 2017 that "MIHS was beginning the process to terminate his medical resident employment agreement."[27] Plaintiff alleges that he was advised that he was being terminated for violating MIHS Policy 69752-S, which governs the use of cameras and video or audio recorders in the "workplace."[28] Plaintiff also alleges that he was advised that he was being terminated for violating "MIHS Policy 77127 which requires employees to maintain high standards of honesty and integrity."[29]

Plaintiff commenced this action on May 24, 2018. In his complaint, plaintiff asserts defamation claims against Dr. Ferguson and Dr. Kopelman. Plaintiff alleges that Dr.

---

[24] Id. at 16, ¶ 111.

[25] Id. at 17, ¶ 112.

[26] Id. at 17, ¶ 113.

[27] Id. at 17, ¶ 114.

[28] Id. at 17, ¶ 115.

[29] Id. at 18, ¶ 118.

Ferguson and Dr. Kopelman "defamed [him] by repeatedly making statements that [they] knew or should have known to be false concerning his performance as a medical resident."[30]

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Dr. Ferguson and Dr. Kopelman (referred to herein as "the moving defendants") now move to dismiss plaintiff's defamation claims against them.

## Discussion

"'To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." Id. "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 678). "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "In

---

[30]Id. at 20, ¶¶ 138-139.

evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." In re Tracht Gut, LLC, 836 F.3d 1146, 1150 (9th Cir. 2016).

The moving defendants argue that plaintiff's defamation claims are time barred. The moving defendants argue that A.R.S. § 12-541(1) supplies the statute of limitations for Arizona defamation claims. A.R.S. § 12-541(1) provides that a one-year statute of limitations applies to claims "for injuries done to the character or reputation of another by libel or slander." For purposes of A.R.S. § 12-541(1), "[a]n action for defamation accrues and the Statute of Limitations begins to run upon publication." Lim v. Superior Court In and For Pima County, 616 P.2d 941, 942 (Ariz. Ct. App. 1980).

Plaintiff alleges that Dr. Kopelman and Dr. Ferguson made false statements about him between "November 2016 and March 2017[.]"[31] His complaint could also fairly be read as alleging that Dr. Ferguson made false statements in connection with the May 18, 2017 hearing.[32] Because all of these alleged statements were published more than one year prior

---

[31]Id. at 5, ¶ 26.

[32]Id. at 15, ¶ 104.

to plaintiff filing his complaint on May 24, 2018, plaintiff's defamation claims would be barred by the statute of limitations if A.R.S. § 12-541(1) applied to his claims.

But, plaintiff argues that A.R.S. § 12-821 applies to his defamation claims, not A.R.S. § 12-541(1). "The statute of limitations contained in A.R.S. § 12–821 applies to actions against a public entity or public employee." Dube v. Likins, 167 P.3d 93, 103 (Ariz. Ct. App. 2007). Although A.R.S. § 12-821 also provides for a one-year statute of limitations, A.R.S. § "12-821.01(B) provides its own definition of accrual for claims against public entities or public employees." Id. Section 12-821.01(B) provides that "a cause of action accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." For purposes of Section 12-821.01(B), "[t]he plaintiff 'must at least possess a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused injury,' but 'need not know all the facts underlying a cause of action to trigger accrual.'" Cruz v. City of Tucson, 401 P.3d 1018, 1021 (Ariz. Ct. App. 2017) (quoting Doe v. Roe, 955 P.2d 951, 961 (Ariz. 1998)). "Put another way, 'the core question' of when a claim accrued is not when the plaintiff was conclusively aware [he] had a cause of action against a particular party, but instead when 'a reasonable person would have been on notice to investigate.'" Id. at (quoting Walk v. Ring, 44 P.3d 990, 996 (Ariz. 2002)).

The moving defendants dispute that they are public employees and contend that they are "employed by District Medical Group, a non-profit, non-governmental entity. . . ."[33] But even if they are public employees such that A.R.S. § 12-821.01(B) governs the accrual of plaintiff's defamation claims, plaintiff's defamation claims would still be barred by the statute of limitations.

Plaintiff argues that he first knew that Dr. Ferguson and Dr. Kopelman's false statements would damage him "on May 25, 2017, the day on which [d]efendant MIHS gave notice that it was placing him on probation."[34] If he did not know that the alleged defamatory statements would cause him damage until May 25, 2017, then plaintiff argues that his defamation claims are timely, given that he filed his complaint on May 24, 2018.

But in his complaint, plaintiff alleges that he was placed on probation on April 10, 2017,[35] rather than May 25, 2017, as he now seems to be contending. If his being placed on probation was the act that triggered the accrual of his defamation claims, then plaintiff knew by April 10, 2017 that he had been damaged by the alleged defamatory statements. While plaintiff does allege that it was on May 25, 2017 when he learned that the Appeals Committee

---

[33]Reply in Support of Motion to Dismiss Counts Five and Six [etc.] at 4, Docket No. 23.

[34]Plaintiff's Response to Defendants Ferguson, M.D. and Kopelman[,] M.D. Motion to Dismiss Counts Five and Six at 3, Docket No. 20.

[35]Complaint at 12, ¶ 81, Docket No. 1.

was upholding the decision to put him on probation,[36] a reasonable person would have been on notice to investigate the alleged defamatory statements by April 10, 2017, the day plaintiff was placed on probation.

At the latest, plaintiff's defamation claims against the moving defendants accrued on April 10, 2017. Plaintiff did not file his complaint until May 24, 2017, more than one year later. Thus, plaintiff's defamation claims against Dr. Ferguson and Dr. Kopelman are barred by the statute of limitations even if A.R.S. § 12-821 applies, as plaintiff argues.

## Conclusion

The moving defendants' motion to dismiss[37] is granted. Plaintiffs' defamation claims asserted in Counts Five and Six against Dr. Ferguson and Dr. Kopelman are dismissed. These claims are dismissed with prejudice as amendment would be futile. See Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) (quoting Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) ("[a]n amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense'")). There is no set of facts that plaintiff could allege that would make his defamation claims against Dr. Ferguson and Dr. Kopelman timely.

DATED at Anchorage, Alaska, this 22nd day of August, 2018.

/s/ H. Russel Holland
United States District Judge

---

[36]Id. at 16, ¶ 111.

[37]Docket No. 14.