WO                IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack B. Keenan, M.D., an individual, | ) |
|                                  Plaintiff, | ) |
| vs. | ) |
| Maricopa County Special Health Care District, d.b.a. Maricopa Integrated Health System, a political subdivision of the State, et al., | ) |
|                                 Defendants. | ) No. 2:18-cv-1590-HRH |

O R D E R

Joint Motion to Resolve Discovery Dispute[1]

Plaintiff Jack B. Keenan and defendant Maricopa County Special Health Care District (MIHS) jointly move for a resolution of disputes over the terms of the Protocol Agreement. Oral argument was requested but is not deemed necessary.

Background

Plaintiff was a first-year resident in MIHS's surgical residency program. Plaintiff was placed on probation and then terminated from the residency program. He is asserting breach of contract and due process claims against MIHS. He contends that in order to prove his claims against MIHS it is critical that he discovers "communications among the various

---

[1]Docket No. 70.

MIHS administrators and attendings relating to his performance, reflecting their reasoning for meting out discipline and establishing whether MIHS afforded him due process. . . ."[2]

In August 2019, the parties agreed to retain an independent forensic expert to conduct a forensic examination, and they worked toward drafting an Agreement Protocol for Neutral Forensic Expert Computer Examination and Report(s) ("the Protocol Agreement"). The parties have exchanged various draft proposals of the Protocol Agreement but have been unable to agree to all of its terms. They now request that the court resolve their disputes as to the terms of the Protocol Agreement.

Discussion

First, the parties cannot agree as to the scope of the search terms. Plaintiff proposes searching for documents that contain any of the following eight terms: 1) Keenan 2) Jack 3) probation 4) termination 5) due process 6) hearing 7) appeal and 8) recording.[3] MIHS proposes searching for documents that contain "'Keenan' OR 'Jack" AND any of the following terms: 1) probation 2) termination 3) due process 4) hearing 5) appeal and 6) recording.[4]

Plaintiff argues that MIHS's proposed search terms are too limited because they will not capture documents which may involve plaintiff but do not expressly mention him by

---

[2]Joint Motion [etc.] at 2, Docket No. 70.

[3]Exhibit 1 at 2, Joint Motion [etc.], Docket No. 70.

[4]Exhibit 2 at 2 Joint Motion [etc.], Docket No. 70.

name. Plaintiff argues that using his proposed search terms will not produce an excessive number of documents and that his proposal contains a provision that would allow irrelevant documents to be quickly disregarded. The parties have agreed that "[n]o [d]ocuments or other information created, revised or otherwise in existence prior to April 1, 2016 shall be subject to this Examination, unless received or hav[ing] a Last Modified date after April 1, 2016."[5] Plaintiff would further add that any document located that does not contain either "Jack" or "Keenan" but does contain one of the other six proposed search terms would only be examined if it were "created on or after April 1, 2017."[6] Plaintiff contends that this would allow the parties and the expert to quickly disregard any irrelevant documents.

The parties shall use MIHS's proposed search terms in the Protocol Agreement. Plaintiffs' proposed search terms will result in the return of an excessive number of documents, many, if not all, of which will be irrelevant. The court is not convinced that there are likely to be relevant documents that do not contain either "Jack" or "Keenan."

Secondly, the parties cannot agree as to whether the forensic expert should be allowed to recommend modifications to the search term list. Plaintiff wants to include in the Protocol Agreement a provision that reads: "The parties shall work with the Expert to determine whether any modifications to this list of search terms or other perimeters is warranted."[7] The

---

[5]Exhibits 1 and 2 at 2, Joint Motion [etc.], Docket No. 70.

[6]Exhibit 1 at 2, Joint Motion [etc.], Docket No. 70.

[7]Exhibit 1 at 2, Joint Motion [etc.], Docket No. 70.

court sees no need for this provision in the Protocol Agreement. It shall not be included in the Protocol Agreement.

Thirdly, the parties cannot agree as to which desktop computers will be forensically imaged. The parties have agreed that the desktop computer of Dr. Elizabeth Ferguson will be imaged. The parties also agree that the desktop computers of Xoe Mcalecee and Phyllis Thackrah which are "regularly used in performance of their duties and responsibilities for MIHS" will be imaged.[8]

There is not agreement however as to desktop computers of Dr. Eric Katz, Dr. Chandrika Shankar, Dr. Patricia Habak, Liza Mirza, Dr. Eric Goldberg, Dr. Carol Olson, and Dr. Tammy Kopelman. Plaintiff has proposed imaging the desktop computers of all seven of these custodians.[9] MIHS wants to limit the imaging of desktop computers to those "issued by MIHS" and has excluded Dr. Olson and Dr. Kopelman from the list of custodians whose desktop computers would be imaged.[10] "Desktop computer" for purposes of the Protocol Agreement is defined as "any desktop computer stationed in the custodians' office and regularly used by the custodian in performance of their respective duties and responsibilities for MIHS[.]"[11]

---

[8] Exhibits 1 and 2 at 4, Joint Motion [etc.], Docket No. 70.

[9] Exhibit 1 at 4, Joint Motion [etc.], Docket No. 70.

[10] Exhibit 2 at 4, Joint Motion [etc.], Docket No. 70.

[11] Exhibits 1 and 2 at 4, Joint Motion [etc.], Docket No. 70.

MIHS wants to limit the imaging to desktop computers to those "issued by MIHS" because the custodians are District Medical Group, Inc. ("DMG") employees, not MIHS employees. DMG is "a not-for-profit entity consisting of over 750 medical providers," which "staffed teaching positions for the MIHS residency program" and which "is a distinct legal entity."[12] MIHS contends that it does not have "'possession, custody or control'" of DMG computers. United States v. Int'l Union of Petroleum and Indus. Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (quoting Fed. R. Civ. P. 34(a)). "A party is only obligated to produce during discovery those documents 'which are in the possession, custody, or control of the party upon whom the request is served.'" Corzo v. Maricopa County Community College Dist., Case No. CV-15-02552-PHX-ESW, 2018 WL 1729341, at *3 (D. Ariz. April 10, 2018) (quoting Fed. R. Civ. P. 34(a)).

Plaintiff argues, however, that there is no reason to limit the imaging of desktop computers to those "issued by MIHS" because MIHS has sufficient control over DMG desktop computers. Plaintiff contends that to conclude that MIHS does not have sufficient control over DMG desktop computers stationed in the offices regularly used by the custodians in question would be tantamount to concluding that MIHS turned over the day-to-day operations of its residency program without any corresponding right to obtain access to program records, a conclusion that plaintiff suggests would be absurd.

---

[12]Joint Motion [etc.] at 6, n.4, Docket No. 70.

"A party moving for an order compelling discovery has the burden of proving that the other party has possession, custody, or control of the requested item." Corzo, 2018 WL 1729341, at *3. Plaintiff has not met that burden here. With what is currently before it, the court cannot conclude that MIHS has sufficient control over computers that were issued to the custodians by DMG. The parties shall limit the imaging of desktop computers in the Protocol Agreement to those "issued by MIHS" but the list of custodians shall include all of the custodians identified by plaintiff. MIHS has provided no explanation as to why it Dr. Jones and Dr. Kopelman should be excluded from the list of custodians whose desktops computers will be imaged, provided that the desktop computers were "issued by MIHS."

Plaintiff then requests that discovery be reopened for the limited purpose of allowing him to serve a subpoena duces tecum on DMG. This request is denied. As MIHS argues, it is far too late for such a request given that plaintiff has known since at least January 2019 that DMG and MIHS had separate email servers.[13] Moreover, "DMG has agreed to search and collect all emails containing the term 'Keenan' from the DMG custodians identified by [p]laintiff[,] subject to DMG's review and redaction for attorney-client and patient/confidentiality-related privileges."[14] And, despite plaintiff's contentions to the contrary, it is likely that documents prepared on an office desktop computer would have been saved to a personal drive on the custodian's laptop, which is going to be imaged.

---

[13]Deposition of Elizabeth Ferguson (January 18, 2019) at 45:16-19, Exhibit 24, Joint Motion [etc.], Docket No. 70.

[14]Joint Motion [etc.] at 27, Docket No. 70.

Fourthly, the parties appear to disagree as to who is going to export or copy the DMG email and file servers. Plaintiff has proposed that the expert be allowed to copy these email and file servers.[15] MIHS has proposed that it will export the email server mailboxes for Xoe Mcalecee and Phyllis Thackrah to individual PST files and provide those to the expert and that for the other custodians (except Dr. Jones), DMG has already collected any emails containing the term "Keenan" in PST files, which will be provided to the expert for examination.[16] Because the court cannot conclude that MIHS has sufficient control of the DMG desktop computers, the parties shall use MIHS's proposal in the Protocol Agreement, except that it shall include all of the custodians identified by plaintiff.

Because the court has resolved each of the issues as to the terms of the Protocol Agreement, there is no need for the court to consider plaintiff's alternative request to appoint an independent forensic expert to resolve these issues. There are, however, two other issues for the court to consider.

In his portion of the instant motion, plaintiff devotes a great deal of space to arguing that MIHS has not complied with the court's discovery orders of May 30, 2019[17] and June 4, 2019.[18] Plaintiff contends that MIHS has still not produced all emails in native format, full

---

[15]Exhibit 1 at 4, Joint Motion [etc.], Docket No. 70.

[16]Exhibit 2 at 4-5, Joint Motion [etc.], Docket No. 70.

[17]Docket No. 51.

[18]Docket No. 54.

e-mail threads, and drafts of physical letters in native format. Plaintiff further contends that MIHS has still not provided a detailed description of its search methodology and that MIHS failed to disclose which file and email servers were used by those involved in the residency program. Plaintiff seems to be making these arguments in order to support his contention that a forensic examination is justified. Given that the parties have already agreed to conduct a forensic examination, the court perceives no reason to discuss these arguments and MIHS's responses to them any further.

Finally, pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure, plaintiff requests an award of his costs, expert witness fees, and attorneys' fees incurred in connection with this motion and the two prior discovery motions. Although plaintiff has made reference to "sanctions," "[t]he monetary reimbursement contemplated by Rule 37(a)(5)(A) is not couched in terms of sanctions, but rather paying a successful movant's reasonable expenses-including attorney's fees-incurred in making the motion." Fidelity Nat'l Title Ins. Co. v. Tahoe Regional Planning Agency, Case No. 3:11–cv–00444–RCJ–WGC, 2014 WL 1668831, at *1 (D. Nev. April 25, 2014).

Rule 37(a)(5)(A) requires that, if a motion to compel is granted, the court must award the moving party its "reasonable expenses incurred in making the motion, including attorneys fees" unless one of three exception applies. The exceptions "are if the movant failed to attempt to first informally resolve the discovery dispute (37(a)(5)(A)(i); whether the opposing party's non-disclosure was 'substantially justified' (37(a)(5)(A)(ii); or if other

circumstances exist which would make the award of expenses 'unjust.' 37(a)(5)(A)(iii)." Fidelity Nat'l Title Ins. Co., 2014 WL 1668831, at *1.

Although the instant motion was largely decided in MIHS's favor, the parties employed the court's joint motion procedure for discovery problems, which has saved the parties the usual lengthy briefing procedure. When a motion to compel "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5) (C). The court concludes that it will be appropriate for each party to bear its own expenses incurred in connection with the instant motion.

As for the two prior motions, they were decided in plaintiff's favor. The court will entertain a motion from plaintiff for his reasonable expenses incurred in connection with those two motions.

## Conclusion

The joint motion to resolve discovery disputes[19] is granted as set forth in detail above. Any motions for reasonable expenses shall be filed on or before October 25, 2019.

DATED at Anchorage, Alaska, this 11th day of October, 2019.

/s/ H. Russel Holland  
United States District Judge

---

[19]Docket No. 70.